582 N.E.2d 173 (1991)
144 Ill.2d 525
163 Ill.Dec. 907
The PEOPLE of the State of Illinois, Appellee,
v.
John SZABO, Appellant.
No. 69284.
Supreme Court of Illinois.
October 17, 1991.
Rehearing Denied December 2, 1991.
*174 Charles M. Schiedel, Deputy Defender, and Robert E. Davison, Asst. Defender, of the Office of the State Appellate Defender, Springfield, for appellant.
Roland W. Burris, Atty. Gen., Springfield (Rosalyn B. Kaplan, Solicitor Gen., and Terence Madsen, Asst. Atty. Gen., Chicago, of counsel), for the People.
Justice HEIPLE delivered the opinion of the court:
Defendant, John Szabo, was indicted by a Will County grand jury on two counts of intentional murder, two counts of felony murder and one count of conspiracy to commit armed robbery. Following a July 1979 bench trial before the circuit court of Will County, defendant was found guilty on all counts. A jury sentenced defendant to death for the murders, and the court imposed an additional three-year sentence on the conspiracy charge.
Defendant appealed to this court pursuant to article VI, section 4(b), of the 1970 Illinois Constitution (Ill.Const.1970, art. VI, § 4(b)) and Supreme Court Rule 603 (73 Ill.2d R. 603). This court vacated defendant's convictions and the cause was remanded to the circuit court for a determination as to whether a new trial was warranted. Defendant's death sentence was vacated due to errors at sentencing. (People v. Szabo (1983), 94 Ill.2d 327, 68 Ill.Dec. 935, 447 N.E.2d 193.) On remand, defendant's convictions were reinstated and defendant was again sentenced to death. On direct appeal, these judgments were affirmed. People v. Szabo (1986), 113 Ill.2d 83, 100 Ill.Dec. 726, 497 N.E.2d 995.
In September 1987, defendant filed a pro se petition for post-conviction relief, alleging, in part, that attorney David Landau had been prevented from rendering effective assistance of counsel to defendant due to disciplinary problems which led to Landau's subsequent disbarment. The petition also alleged the ineffective assistance of defendant's counsel at resentencing in 1984. Counsel was appointed to represent defendant on his pro se petition and informed the court that the defense would stand on the pro se petition. On March 10, 1989, the State filed a motion to dismiss the petition for post-conviction relief. The circuit court denied post-conviction relief on September 2, 1989, finding that Landau had provided effective assistance of counsel even though he had been the subject of complaints to the Attorney Registration and Disciplinary Commission (ARDC) during his representation of the defendant. The court further held that defendant had presented no evidence to substantiate the claim that resentencing counsel provided ineffective assistance of counsel. This court granted review under Supreme Court Rule 651(a) (134 Ill.2d R. 651(a)).
Defendant first urges this court to grant him a new trial solely on the basis of Landau's problems with the ARDC. In support of his contention, defendant relies exclusively on People v. Williams (1982), 93 Ill.2d 309, 67 Ill.Dec. 97, 444 N.E.2d 136, in which this court ordered a new trial for a defendant whose trial counsel had been disbarred following an ARDC investigation which overlapped with defendant's trial. The Williams court characterized the facts as "unique circumstances and sequence of events * * * which will rarely, if ever, be duplicated." (93 Ill.2d at 325, 67 Ill.Dec. 97, 444 N.E.2d 136.) We now hold that the Williams decision was an aberration peculiar to the facts of that case. The unique circumstances of Williams have not been duplicated here and we decline to follow its holding.
*175 Notwithstanding our view that Williams was a singular ruling, we note that the factual differences between the two cases are marked, and application of the Williams decision to the instant facts would be inappropriate. In Williams, the defendant offered "numerous instances of inaction by counsel to demonstrate that he was denied the effective assistance of counsel." (93 Ill.2d at 324, 67 Ill.Dec. 97, 444 N.E.2d 136.) This court's doubts about counsel's representation were accentuated by the burden of his simultaneous defense of three clients before two juries. (93 Ill.2d at 325, 67 Ill.Dec. 97, 444 N.E.2d 136.) In the instant case, no effort was made to suggest ineffective assistance of counsel in either of the two previous appeals. Defendant's post-conviction petition includes only two brief paragraphs alleging Landau's deficient representation. The petition describes Landau's failure to call witnesses on petitioner's behalf, including petitioner himself, petitioner's father and "other witnesses who could have impeached Leatherman's account of the crimes." Additionally, the petitioner alleges Landau's failure to investigate the State's expert witness.
These vague allegations do not compare favorably with the extensive list of alleged counsel errors in Williams, which included: the failure to make a motion to suppress physical evidence crucial to the State's case; the failure to object to the testimony of numerous witnesses; the failure to object to information imparted to the jury concerning review of its verdict; and the failure to make a motion for a new trial. (93 Ill.2d at 324, 67 Ill.Dec. 97, 444 N.E.2d 136.) The Williams decision resulted from numerous allegations of significant counsel error in conjunction with counsel's disciplinary problems. The instant case does not present a parallel set of facts.
The circumstances surrounding Landau's disbarment further illustrate the factual dissimilarities between Williams and the instant case. Landau undertook representation of defendant in March 1979 and represented him through trial in July 1979. ARDC records reflect that prior to July 1979, four complaints had been filed against counsel. Landau first appeared before the Inquiry Board on May 30, 1980, some 10 months after defendant's trial. At that time, numerous additional complaints had been received by the ARDC. Landau was eventually confronted with 78 complaints, 74 of which post-dated his representation of defendant. Landau subsequently requested that his name be removed from the roll of attorneys and was disbarred in November 1980. In contrast, counsel in Williams was the subject of disbarment proceedings at the time of the defendant's trial. Those proceedings were the result of counsel's misconduct in a matter predating the Williams case. 93 Ill.2d at 314, 67 Ill.Dec. 97, 444 N.E.2d 136.
The standard for a determination of ineffective assistance of counsel is set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Strickland established a two-prong test for judging attorney performance: first, that counsel's representation fell below an objective standard of reasonableness; second, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (466 U.S. at 690, 693, 104 S.Ct. at 2066, 2067, 80 L.Ed.2d at 695, 697.) The burden of proving prejudice rests with the defendant. (466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.) This court adopted the Strickland standard in People v. Albanese (1984), 104 Ill.2d 504, 85 Ill.Dec. 441, 473 N.E.2d 1246. Defendant has failed to meet the burden of demonstrating ineffective assistance.
The record in the instant case reveals competent representation on defendant's behalf. Counsel engaged in extensive discovery and effective presentation and cross-examination of witnesses. He filed and argued motions before and during trial. Finally, he delivered a strong closing argument on defendant's behalf. Defendant's complaints regarding Landau's failure to present witnesses, including defendant, are directed at trial strategy. This court has repeatedly held that an ineffective-assistance-of-counsel claim which arises from a matter of defense strategy will not support a finding of ineffective *176 representation. People v. Flores (1989), 128 Ill.2d 66, 131 Ill.Dec. 106, 538 N.E.2d 481; People v. Ashford (1988), 121 Ill.2d 55, 117 Ill.Dec. 171, 520 N.E.2d 332; People v. Madej (1985), 106 Ill.2d 201, 88 Ill. Dec. 77, 478 N.E.2d 392.
The law does not require a perfect trial. It does, however, require a fair one. The trial court correctly determined that David Landau's representation afforded defendant a fair trial. Parenthetically, it should be noted that merely losing a case does not indicate ineffective assistance of counsel. If such were the rule, every defendant would be entitled to continuous litigation and retrials until and unless he obtained an acquittal. Such a result would make a farce of the judicial system.
Defendant also contends that he received ineffective assistance of post-conviction counsel as a result of counsel's failure to comply with Supreme Court Rule 651(c) (134 Ill.2d R. 651(c)). Defendant argues that post-conviction counsel failed to comply with Supreme Court Rule 651(c), requiring appointed counsel to certify that he "has made any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions." The record contains no certificate of compliance with the rule. Defendant claims that his pro se allegations with regard to resentencing counsel's failure to call correctional officers in mitigation were not properly substantiated. He contends that appointed counsel failed to obtain affidavits or other documentation of correction officers that defendant alleges would have testified on his behalf.
This court has held that Rule 651(c) works in conjunction with the Post-Conviction Hearing Act (Ill.Rev.Stat.1987, ch. 38, par. 122-4), to ensure that counsel appointed to represent an indigent petitioner "ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court." (People v. Owens (1990), 139 Ill.2d 351, 359, 151 Ill.Dec. 522, 564 N.E.2d 1184.) Rule 651(c), therefore, requires that the record on appeal disclose that appointed counsel took the necessary steps to secure adequate representation of petitioner's claims. (Owens, 139 Ill.2d at 359, 151 Ill.Dec. 522, 564 N.E.2d 1184.) Failure of appointed counsel to file a Rule 651(c) certificate of compliance is harmless error if the record establishes that counsel met the requirements of the rule. (People v. Alexander (1990), 197 Ill.App.3d 571, 144 Ill.Dec. 39, 554 N.E.2d 1078.) The record indicates that there was considerable communication between post-conviction counsel and defendant, and that defendant received reasonable assistance of counsel as contemplated by the rule. Transcripts include comments by post-trial counsel regarding his recent conversations with defendant. Counsel called defendant's father to testify about hiring Landau. Additionally, counsel secured investigative services from the court and conducted an exhaustive search for Landau. Looking beyond certification to the attorney's actions, the record clearly supports the trial court finding of effective assistance of appointed counsel.
For the foregoing reasons, the judgment of the circuit court is affirmed. The clerk of this court is directed to enter an order setting Tuesday, January 21, 1992, as the date on which the sentence of death entered by the circuit court is to be executed. The defendant shall be executed in the manner provided by law (Ill.Rev.Stat.1989, ch. 38, par. 119-5). A certified copy of the mandate in this case shall be delivered by the clerk of this court to the Director of Corrections, to the warden of Stateville Correctional Center, and to the warden of the institution wherein defendant is confined.
Affirmed.
Justice CLARK, dissenting:
For the reasons I stated in my earlier dissent in this case (see People v. Szabo (1986), 113 Ill.2d 83, 97, 100 Ill.Dec. 726, 497 N.E.2d 995 (Clark, C.J., dissenting)), I respectfully dissent now.
The procedural history of the defendant's murder trial is well documented in the majority opinion. What I disagree with is this court's waiving of several issues the defendant *177 raised regarding his second sentencing hearing. (See People v. Szabo (1986), 113 Ill.2d 83, 93-94, 100 Ill.Dec. 726, 497 N.E.2d 995.) After this court initially vacated defendant's murder convictions and death sentence, and remanded the cause to the circuit court for a determination as to whether a new trial was warranted (see People v. Szabo (1983), 94 Ill.2d 327, 68 Ill.Dec. 935, 447 N.E.2d 193), the circuit court reinstated the defendant's convictions and a second sentencing hearing was held. Subsequently, the defendant was again sentenced to death. On direct appeal to this court, the defendant's murder convictions were affirmed, as was his sentence of death. (See People v. Szabo (1986), 113 Ill.2d 83, 100 Ill.Dec. 726, 497 N.E.2d 995.) At this time, this court also declined to consider any of the issues the defendant raised concerning his second sentencing hearing, stating that those issues were waived. (See Szabo, 113 Ill.2d at 93, 100 Ill.Dec. 726, 497 N.E.2d 995.) This court noted that, although the defendant filed a post-trial motion for a new trial after the circuit court reinstated his convictions on remand, the defendant failed to file a post-trial motion after his second sentencing hearing. (Szabo, 113 Ill.2d at 93, 100 Ill. Dec. 726, 497 N.E.2d 995.) Thus, any issues he raised regarding his second sentencing hearing must be reviewed under the more stringent plain error doctrine. (See Szabo, 113 Ill.2d at 93-94, 100 Ill.Dec. 726, 497 N.E.2d 995.) After conducting this analysis, this court determined that none of defendant's alleged errors rose to the level of plain error.
At the time, I disagreed and continue to believe that the defendant should not have had to file a post-trial motion to ensure that his arguments pertaining to his second sentencing hearing were addressed. As I stated in my earlier dissent:
"`Since this is a death penalty case, which under our constitution is automatically reviewed by this court (Ill. Const. 1970, art. VI, sec. 4(b)), we must review the case whether or not a written motion for a new trial has been filed. Otherwise, the constitutional provision for an automatic appeal would be meaningless.'" (People v. Szabo (1986), 113 Ill.2d 83, 98, 100 Ill.Dec. 726, 497 N.E.2d 995 (Clark, C.J., dissenting), quoting People v. Caballero (1984), 102 Ill.2d 23, 32, 79 Ill.Dec. 625, 464 N.E.2d 223.)
The Illinois constitutional provision providing for direct appeal to this court in death cases does not place any limitation on the scope of review. Thus, because the death penalty is "qualitatively different" than a sentence of imprisonment due to its finality (see Szabo, 113 Ill.2d at 99, 100 Ill.Dec. 726, 497 N.E.2d 995 (Clark, C.J., dissenting), quoting Woodson v. North Carolina (1976), 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944, 961), I feel I must reiterate my reasons for my earlier dissent in this matter.