2023 IL App (1st) 221304

No. 1-22-1304

Order filed September 22, 2023

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 2711 01 |
| | ) | |
| DARRELL PICKETT, | ) | Honorable |
| | ) | James M. Obbish, |
| Defendant-Appellant. | ) | Judge presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Justice Lyle and Justice Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant Darrell Pickett appeals the trial court's denial of his motion for a new trial. Pickett raises the following issue: did the trial court abuse its discretion in denying his motion for a new trial because his trial counsel's failure to complete his minimum continuing legal education requirement rendered counsel constitutionally ineffective? For the reasons stated below, we find no abuse of discretion and affirm.

¶ 2     Pickett was charged with attempted first degree murder for his role in the shooting of Willie Grant on the night of October 29, 2015. Pickett retained an attorney to represent him. Following a bench trial that lasted from March 9, 2020, to May 21, 2021, due to pandemic-related delays, the

trial court found Pickett guilty. Pickett's trial counsel later informed the trial court that Pickett wished to retain new counsel for the post-trial proceedings. Trial counsel then requested a continuance so that Pickett could find a new attorney. The trial court denied trial counsel's request and required him to argue the motion for new trial, stating that if Pickett retained new counsel by the next court date, the court would allow the new counsel to raise new issues in a post-trial motion. The trial court then denied Pickett's motion for a new trial and continued the case.

¶ 3     On a later court date, another attorney filed an appearance as Pickett's new counsel. Pickett's trial counsel withdrew, and the court acknowledged that there may have been an issue with trial counsel's authorization to practice law. On the next court date, counsel filed a motion for new trial. The motion alleged that Pickett was entitled to a new trial because his trial counsel was not authorized to practice law over the course of the trial and that this amounted to *per se* ineffective assistance of counsel in violation of Pickett's sixth amendment rights. The parties do not dispute that on March 5, 2020, the Attorney Registration and Disciplinary Commission removed Pickett's trial counsel from its master roll of attorneys authorized to practice law because he had failed to comply with MCLE requirements. The ARDC did not readmit Pickett's trial counsel to active status until October 8, 2021, after he completed the MCLE requirements.

¶ 4     The trial court denied Pickett's motion for a new trial, reasoning that his trial counsel's loss of active status for failing to comply with MCLE requirements did not deprive Pickett of his sixth amendment right to effective assistance of counsel. The court then sentenced Pickett to 35 years imprisonment, followed by 3 years mandatory supervised release. This timely appeal followed. See Ill. S. Ct. R. 606 (eff. July 1, 2017).

¶ 5     Pickett asserts that the trial court abused its discretion in denying his motion for a new trial because during the trial, his trial counsel was removed from the master roll of attorneys because he failed to complete his MCLE requirements. Pickett contends that this violated his sixth amendment right to effective assistance of counsel. We review a trial court's denial of a motion for a new trial for an abuse of discretion. *People v. Hall*, 194 Ill. 2d 305, 343 (2000).

¶ 6     The sixth amendment of the United States Constitution guarantees the right to effective assistance of counsel (U.S. Const., amend. VI), which entitles criminal defendants to legal representation of a reasonably competent quality. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Typically, when a defendant alleges ineffective assistance of counsel, *Strickland* requires a showing that defense counsel's performance was objectively deficient and that the performance prejudiced the defense so as to deprive the defendant of a fair trial. *Id.* at 687.

¶ 7     Pickett does not allege that his trial counsel's performance was deficient. See *id.* Rather, he claims that his trial counsel's actions presented a conflict of interest. An actual conflict of interest exists when the defendant shows " 'some specific defect in his counsel's strategy[,] tactics, or decision making attributable to the conflict.' " *People v. Taylor*, 237 Ill. 2d 356, 376 (2010) (quoting *People v. Spreitzer*, 123 Ill. 2d 1, 18 (1988)). Pickett argues that his trial counsel's unwillingness to disclose his unauthorized status to the trial court prevented him from obtaining new counsel. Yet, the record indicates that once Pickett informed his trial counsel that he wished to proceed with a different attorney, his trial counsel endeavored to accomplish that end. Even if trial counsel had disclosed his unauthorized status earlier, the result for Pickett would have been the same: he would have had until the next court date to retain new counsel.

¶ 8    Further, Pickett offered no evidence that his trial counsel prejudiced his right to a fair trial. See *Strickland*, 466 U.S. at 687. The trial court described Pickett's trial counsel as a more than an effective advocate for his client. In the absence of evidence to the contrary, we have no basis to disrupt the trial court's judgment.

¶ 9    Pickett argues that he suffered a *per se* violation of his sixth amendment right, such that prejudice must be *presumed* because he was represented by an individual suspended from the practice of law for reasons "relating to [a] lack of legal ability or moral character." *People v. Gamino*, 2012 IL App (1st) 101077, ¶ 22; *United States v. Cronic*, 466 U.S. 648, 660 (1984) (finding that a "presumption of prejudice is appropriate without inquiry into the actual conduct of the trial" when there has been a denial of counsel). A *per se* violation occurs when the defendant is not represented by "counsel," "*a duly licensed and qualified lawyer*." (Emphasis added and internal quotation marks omitted.) *In re Denzel W.*, 237 Ill. 2d 285, 296 (2010).

¶ 10    But Pickett's trial counsel was *not* suspended due to a "lack of legal ability or moral character." *Gamino*, 2012 IL App (1st) 101077, ¶ 22. He was a licensed and qualified attorney at the time of trial, whose license had lapsed due to his failure to complete MCLE. That noncompliance amounts to a technical defect. "A change in an individual's ARDC *registration status* has no relation to, and does not call into question, that person's skill, fitness or competency to practice law, which is assured through his or her initially meeting the requirements to obtain— and thereafter to retain—a valid *license* to practice law." (Emphasis in original.) *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 441 (2008).

Such an administrative or technical defect in an attorney's license status, such as suspension for nonpayment of registration fees, does not amount to a *per se* violation of the defendant's sixth amendment rights. *People v. Brigham*, 151 Ill. 2d 58, 70-71 (1992).

¶ 11    Illinois attorneys must comply with MCLE requirements in order to remain on the ARDC's master roll of authorized attorneys. Ill. S. Ct. R. 796(e) (eff. Mar. 1, 2019). These requirements exist to assure that attorneys "remain current regarding the requisite knowledge and skills necessary to fulfill the professional responsibilities and obligations of their respective practices." Ill. S. Ct. Rs. Art. VII, pt. C, Preamble. The goal of CLE programming is to provide attorneys with "opportunities to enhance both [their] professional and personal development."[1]

¶ 12    Failure to comply with MCLE does not mean that an attorney is incapable of providing quality representation to clients. Indeed, MCLE noncompliance could merely consist of a failure to report compliance by submitting the required certificate. Ill. S. Ct. R. 796(a) (eff. Mar. 1, 2019). In addition, attorneys are permitted to earn CLE credits in courses that are unrelated to their practice areas. Compliance with MCLE requirements does not guarantee that an attorney will stay abreast of developments in his own field. Our errant trial counsel here could have satisfied his MCLE requirement in part by taking such approved courses as "War Crimes in the Star Wars Universe" or "The Curious Lawyer: Sex, Videotapes, and Lies," and yet it could hardly be argued that mastery of these courses would have made him more effective in our defendant's trial.[2] For

---

[1] ARDC of the S. Ct. of Ill., *Continuing Legal Education*, https://pathlms.iardc.org/courses# (last visited September 11, 2023) [https://perma.cc/278H-UG2X].

[2] MCLE Board of the S. Ct. of Ill., *Course Detail for* War Crimes in the Star Wars Universe, https://pcam.mcleboard.org/publicui/Courses/courseDetail.aspx?id=555187 (last visited September 11, 2023) [https://perma.cc/WP3Q-RCAG]; MCLE Board of the S. Ct. of Ill., *Course Detail for* The Curious Lawyer: Sex, Videotapes, and Lies, https://pcam.mcleboard.org/publicui/Courses/courseDetail.aspx?id=567238 (last visited September 11, 2023) [https://perma.cc/XR2F-R2FY].

all these reasons (and others), admission to the bar is the proper indicator of an attorney's fitness to practice law—not completion of MCLE requirements. *Cf. Applebaum*, 231 Ill. 2d at 441; *Brigham*, 151 Ill. 2d at 70.

¶ 13 Finally, Pickett argues that his claim should be analogized to the constitutional deprivation of counsel of choice, where the requirement to show prejudice from the deprivation has been excused. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006). This argument is of no moment. A showing of prejudice is excused only because the "[d]eprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.* However, in an ineffective assistance of counsel claim, the requirement that a defendant show prejudice "arises from the very nature of the specific element of the right to counsel at issue there—*effective* (not mistake-free) representation." (Emphasis in original.) *Id.* at 147.

¶ 14 The judgment of the circuit court of Cook County is affirmed.

¶ 15 Affirmed.

---

### *People v. Pickett*, **2023 IL App (1st) 221304**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-CR-2711(01); the Hon. James M. Obbish, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Kieran M. Wiberg, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Brian K. Hodes, and Leslie Billings, Assistant State's Attorneys, of counsel), for the People. |

---